IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Kitt, ) | Civil Action No.:2:11-02876-TMC-BHH |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Levern Cohen, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment (Dkt. No. 11; see also Dkt. No. 10) and Petitioner's Motion "for Evidentiary Hearing" (Dkt. No. 21).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about October 18, 2011. (Dkt. No. 1.) On December 28, 2011, the Respondent moved for summary judgment. (Dkt. No. 11; see also Dkt. No. 10.) By order filed January 5, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 12.) On or about February 13, 2012, Petitioner filed a Response in Opposition to the Motion for Summary Judgment. (Dkt. No. 14.) On May 5, 2012, Respondent filed a Motion to Supplement his Return; that motion was granted in the following text order:

> TEXT ORDER granting 17 Motion to Supplement. The Clerk is directed to append the transcript (Dkt. No. 17-1) to the Respondent's Return (Dkt. No. 10). To the extent Petitioner wishes to file any additional materials in light of this supplement, Petitioner's deadline for doing so is 6/4/2012. AND IT IS SO ORDERED.

(Dkt. No. 18.) On or about June 4, 2012, Petitioner filed a Motion "for Evidentiary Hearing." (Dkt. No. 21.)

## **PROCEDURAL HISTORY**

The Petitioner is currently confined at Ridgeland Correctional Institution ("RCI"). In November of 2006, Petitioner was indicted for criminal sexual conduct with a minor, second degree, by the Berkeley County Grand Jury. (Dkt. No. 10-1 at 71-72 of 72.) Although Petitioner was initially represented by Debra K. Littlejohn, Esquire, of the Berkeley County Public Defender's Office, Ms. Littlejohn filed a Motion to Be Relieved as Counsel on July 30, 2007. (Id. at 70.) The Honorable Roger M. Young held a hearing on the Motion to Be Relieved as Counsel on July 31, 2007; Judge Young entered a written order on the motion that same day. (Id. at 69.) In that Order, Judge Young relieved Ms. Littlejohn as counsel and ordered that Petitioner would represent himself with Ms. Littlejohn as stand-by counsel. (Id.)

On August 6, 2007, Petitioner, proceeding *pro se* with Ms. Littlejohn as stand-by counsel, entered an Alford plea before the Honorable J. Cordell Maddox. (Id. at 7 of 72.) Pursuant to the plea, the State dismissed two other warrants for criminal sexual conduct. (Id. at 12 of 72.) In accordance with the plea agreement, the Honorable J. Cordell Maddox sentenced Petitioner to a period of imprisonment of ten years. (Id. at 14-16.) Petitioner did not file a direct appeal of his conviction or sentence.

On or about April 3, 2008, Petitioner filed an application for post-conviction relief ("PCR"); through PCR counsel N. Elliott Barnwell, Esquire, Petitioner amended his PCR application on October 16, 2008. (App. at 16-29.) In his application for PCR supplemented by the amendment, Petitioner raised the following grounds for relief:

1. Due Process violation

2. Lack of subject matter jurisdiction

3. Ineffective assistance of counsel:

> a. Counsel failed to investigate his case including investigating the fact that the father of the victim was a convicted child molester.
>
> b. Counsel failed to appear on his behalf at his Preliminary Hearing or otherwise represent him in this regard.
>
> c. Rather than effectively representing him as set forth above just threatened him and kept telling him to plead guilty.
>
> d. Counsel moved to be relieved as his counsel which Motion was granted.

(Id. at 16-29.)

On November 4, 2008, an evidentiary hearing was held before the Honorable R. Markley Dennis, Jr. (App. 35-57.) Petitioner was present and represented by Mr. Barnwell. In an order dated December 2, 2008, Judge Dennis denied the application for post-conviction relief and dismissed the petition. (Id. at 58-63.)

Petitioner appealed and was represented on appeal by Lanelle Cantey Durant, Esquire, of the South Carolina Commission on Indigent Defense. (See Dkt. No. 10-2.) Ms. Durant filed a Johnson petition for writ of certiorari on behalf of Petitioner, raising the following issue:

> Did the PCR court err in denying Petitioner's PCR application where he claimed that the circuit court did not have subject matter jurisdiction at the time of the plea under North Carolina v. Alford, 400 U.S. 25 (1970), because the South Carolina State Constitution provided that an unmarried girl could consent to sexual intercourse if she had obtained the age of fourteen and the minor he was accused of sexually molesting was fourteen?

(Dkt. No. 10-2 at 3 of 10.) Thereafter, Ms. Durant filed a Motion to Be Relieved as Counsel. (Id. at 9.)

The Supreme Court of South Carolina entered an order denying the petition on June 20, 2011; this order also granted counsel's request to withdraw. (See Dkt. No. 10-3.) The matter was remitted to the lower court on July 7, 2011. (See Dkt. No. 10-4.)

3

The Petitioner then filed the instant habeas action raising the following grounds for review:

> **Ground One**: Due Process and Equal Protection Violation(s)
> **Supporting Facts**: Petitioner is charged and convicted of violation of Section 16-3-655(2) of the S.C. Code Ann. (2005) and South Carolina Constitution Article III section 33 "age of fourteen years" as consent–there is a serious conflict (contradiction) and question of subject matter jurisdiction ("power of the court") as alleged victim was in excess of 14 years old but probably less than 16 years old.
>
> **Ground Two**: Denied the actual effective assistance of criminal defense counsel.
> **Supporting Facts**: Criminal defense counsel failed to appear at Petitioner's preliminary hearing; counsel failed to engage in investigation in pre-trial fact(s) and/or law; counsel engaged in subjective behavior during entire representation, specifically, engagement in things in the interest of the State or government; again, counsel failed to advise and/or pursue criminal direct appeal.
>
> **Ground Three**: Partial (APCR) Judge–denied due process of law and equal protection of the law.
> **Supporting Facts**: APCR court failed to allow original defense counsel to take the witness stand for the government; APCR counsel failed to investigate law prior to APCR hearing; he failed to file Rule 59(e) motion after hearing/order.

(Dkt. No. 1.)

Respondent filed a Motion for Summary Judgment on December 28, 2011. (See Dkt. No. 11.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on or about February 7, 2012. (See Dkt. No. 14.) On May 9, 2012, Respondent filed a Motion to Supplement; that motion was granted, and Petitioner was given until June 4, 2012, to file any additional materials. (See Dkt. No. 17; Dkt. No. 18.) On or about May 29, 2012, Petitioner filed a Motion for Evidentiary Hearing. (Dkt. No. 21.)

**APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

5

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410.

**DISCUSSION**

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 11; see also Dkt. No. 10.) The undersigned will address all of Petitioner's grounds in turn.[1]

**A. Ground One: "Due Process and Equal Protection"**

As noted above, Petitioner claims in Ground One that he is being held in custody unlawfully for violating South Carolina Code § 16-3-655(2)–where the "alleged victim was in excess of 14 years old but probably less than 16 years old"–because the South Carolina Constitution provides that the age of consent is fourteen years of age. (See Dkt. No. 1 at 5 of 14.)[2] In short, Petitioner contends the South Carolina Constitution provides that the age of consent is fourteen, so he could not be convicted of criminal sexual conduct with a minor because the alleged victim was over the age of fourteen. (Id.)

---

[1] Because the undersigned recommends granting summary judgment to Respondent, the undersigned recommends denying Petitioner's Motion "for Evidentiary Hearing" (Dkt. No. 21).

[2] At the time of the crime, Section 16-3-655 stated, in relevant part,
(B) A person is guilty of criminal sexual conduct with a minor in the second degree if:
  (1) the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age; or
  (2) the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim.
S.C. CODE ANN. § 16-3-655(B).

Respondent seeks summary judgment on Ground One, contending that this claim "is grounded in state law–not federal law." (Mem. in Supp. of Mot. for Summ. J. at 11.) Respondent states,

> [Petitioner's] question is simply whether the South Carolina Constitution, particularly Article III, Section 33 precludes enforcement of S.C. Code Ann. § 16-3-655 as it relates to female victims of 14 years or older. This is purely a matter of state law that is not cognizable in a federal habeas corpus action.

(Id. at 11-12.)

The undersigned agrees with Respondent and therefore recommends granting summary judgment to Respondent on Ground One. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). As the Supreme Court stated in Estelle,

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Id. at 67-68; see also 28 U.S.C. § 2254(a). Simply stated, state law issues are not cognizable in a federal habeas corpus proceeding. See Bryant v. Cartledge, No. 3:09–3234–CMC–JRM, 2010 WL 5588790, at *9 (D.S.C. Oct. 10, 2010), adopted at 2011 WL 145328 (D.S.C. Jan. 18, 2011) ("The South Carolina Supreme Court is the final arbiter of the law of South Carolina. Its determination of what the law of South Carolina means is final and cannot be reviewed by the federal courts unless the interpretation by the South Carolina Supreme Court implicates, and is in conflict with, an identified right protected by the United States Constitution."); Monahan v. Burtt, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *7 (D.S.C. Sept. 27, 2006) ("Reliance on a state statute, and the state constitution, as a basis for relief simply fails to present a question of federal law. To the extent the petitioner relies solely on state law, he has failed to present a matter cognizable

7

under 28 U.S.C. § 2254."); see also Smith v. Moore, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law). The undersigned therefore recommends granting summary judgment to Respondent on Ground One.

**B. Ground Two: Ineffective Assistance of Counsel**

Petitioner claims counsel was ineffective for several reasons; Petitioner states,

> Criminal defense counsel failed to appear at Petitioner's preliminary hearing; counsel failed to engage in investigation in pre-trial fact(s) and/or law; counsel engaged in subjective behavior during entire representation, specifically, engagement in things in the interest of the State or government; again, counsel failed to advise and/or pursue criminal direct appeal.

(Dkt. No. 1.) Of course, all of these claims relate to Ms. Littlejohn, the attorney he successfully sought to dismiss from representing him.

In rejecting this claim, the PCR court stated,

> This Court finds that Applicant's testimony was not credible. Counsel did not represent the Applicant at the plea hearing. The Applicant wanted to give up his right to an attorney and proceed pro se at his plea hearing. The record reflects that Applicant understood the terms of the negotiated sentence, and he received the benefit of the bargain. The Applicant told the plea court he understood that an Alford plea has the same practical effect as a guilty plea. The Applicant moved for a speedy trial, and he was willing to represent himself at the plea hearing.
>
> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds that the Applicant represented himself at the plea hearing. Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

(App. at 61.)

8

As a preliminary matter, the undersigned notes that Petitioner failed to raise any claim of ineffective assistance of counsel in his petition for writ of certiorari following the denial of his application for PCR. (See Dkt. No. 10-2.) The only issue raised in the petition for writ of certiorari was the issue of subject matter jurisdiction. (See id. at 3 of 10.) Because Petitioner failed to raise the issue of ineffective assistance of counsel in that petition, those issues are procedurally barred in the instant habeas case. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"); Ward v. McLeod, No. 3:01-0012-25BC, 2002 WL 31996018, at *4 (D.S.C. Apr. 18, 2002) ("When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.").

Should the District Judge disagree with the undersigned regarding the procedural bar, the undersigned also recommends granting summary judgment to Respondent on the merits of the claims of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks

9

and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

In the instant case, Petitioner entered an Alford plea, and at the time he entered this plea, he was proceeding *pro se*. In the context of a guilty plea, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The PCR court concluded that Petitioner failed to satisfy either prong of Strickland. That conclusion was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner complained that Ms. Littlejohn failed to appear at his preliminary hearing. There is no evidence that this alleged failure prejudiced Petitioner in any way, and "[a] defendant is not entitled by federal or state constitutional law to a preliminary hearing." Simmons v. Bazzle, No. 0:08-cv-1028-PMD-RSC, 2009 WL 823302, at *15 (D.S.C. Mar. 26, 2009) (citing State v. Keenan, 278 S.C. 361, 296 S.E.2d 676, 678–79 (1982); State v. Hawkins, 310 S.C. 50, 425 S.E.2d 50, 53 (Ct. App.1992)). Moreover, the Berkeley County Grand Jury indicted Petitioner for criminal sexual conduct with a minor, second degree, in November of 2006. See S.C. R. Crim. P. 2(b) (noting that a preliminary hearing "shall not be held . . . if the defendant is indicted by a grand jury"). Petitioner is therefore not entitled to relief on this claim.

Petitioner is also not entitled to relief on his claim that counsel was ineffective because she "failed to engage in investigation in pre-trial fact(s) and/or law." At the PCR

10

hearing, Petitioner complained that Ms. Littlejohn failed to investigate "the fact that the child's, who they accused [Petitioner] of supposedly being with, father is a convicted child molester and came back into her life." (App. at 46.) Petitioner also complained that Ms. Littlejohn "never investigated" what the South Carolina "Constitution, Article 3, 33 says." (Id. at 47.) Assuming–without deciding–that such conduct would satisfy the first prong of Strickland, Petitioner fails to satisfy the second. It is unclear how any failure to investigate the victim's father prejudiced Petitioner. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify."). Similarly, it is unclear how any alleged failure to investigate the South Carolina Constitution prejudiced Petitioner. The appellant in State v. Smith, 181 S.C. 485, 188 S.E. 132 (1936), made essentially the same argument concerning the South Carolina Constitution that Petitioner makes herein, and the Supreme Court of South Carolina rejected that argument. Accordingly, Petitioner cannot show any prejudice for Ms. Littlejohn's alleged failure to investigate the South Carolina Constitution.

Finally, Petitioner contends that his counsel was ineffective for failing "to advise and/or pursue [a] criminal direct appeal." (Dkt. No. 1). Of course, Petitioner represented himself during the guilty plea, so this claim of ineffective assistance of counsel necessarily fails. See Wilson v. Parker, 515 F.3d 682, 697 (6th Cir. 2008) (to the extent standby counsel failed to act during trial, petitioner "merely suffered the consequences of his decision to proceed pro se" ).

11

For the above-stated reasons, the undersigned recommends granting summary judgment to Respondent on Ground Two.

**C. Ground Three: Claims Related to Petitioner's PCR Hearing**

In Ground Three, Petitioner contends that he was "denied due process of law and equal protection of the law" at his PCR hearing because the PCR judge "failed to allow original defense counsel to take the witness stand for the government." (Dkt. No. 1.) Petitioner also complains that his PCR counsel "failed to investigate law prior to . . . [the] hearing" and "failed to file [a] Rule 59(e) motion after the hearing/order." (Id.) Respondent is entitled to summary judgment on Ground Three. Errors in state PCR proceedings cannot serve as the basis for federal habeas corpus relief. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Similarly, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The undersigned therefore recommends granting summary judgment to Respondent on Ground Three.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 11) be GRANTED, and that Petitioner's Motion "for Evidentiary Hearing" (Dkt. No. 21) be DENIED. It is further RECOMMENDED that the Petitioner's habeas petition be DISMISSED WITH PREJUDICE, and that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 25, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).