IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Kitt, ) | |
| ) | C/A No. 2:11-2876-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Levern Cohen, ) | |
| ) | |
| Respondent. ) | |

Petitioner Richard Kitt ("Petitioner"), a prisoner proceeding pro se, filed this habeas petition pursuant to 28 § U.S.C. 2254 on October 24, 2011. On December 28, 2011, Respondent Warden Levern Cohen ("Respondent") filed a Motion for Summary Judgement. Petitioner filed a response opposing the motion. The Magistrate Judge filed a Report and Recommendation ("Report") on June 26, 2012, recommending that the court grant Respondent's Summary Judgment Motion and this habeas petition be dismissed with prejudice.[1] (Dkt. # 22). Petitioner filed objections to the Report and Recommendation on July 17, 2012. (Dkt. # 25). For the reasons set forth below, the court overrules the Petitioner's objections, adopts the Magistrate Judge's Report, and grants the Respondent's Motion for Summary Judgment.

The Magistrate Judge makes only a recommendation to this court which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in

---

[1]The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## Applicable Law

Because he filed his petition in this court after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) governs the review of his claims. Habeas relief is available only when a state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is contrary to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law.  This court may not grant habeas relief even if it concludes in its own independent review that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.*

"When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003). The standard of review to be applied is highly deferential to the rulings of the state courts and state-court decisions are to be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  A state court's factual determination is

presumed correct, unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010).

## Discussion

Petitioner sets forth six specific objections to the Magistrate Judge' Report. The court will address each one in turn.

First, Petitioner contends that the Magistrate Judge erred in recommending that a certificate of appealability be denied. Petitioner contends that only the District Court and the Court of Appeals can evaluate and deny a certificate of appealability. While Petitioner is correct, the Magistrate Judge did not deny Petitioner a certificate of appealability. Rather, pursuant to 28 U.S.C.§ 636, she merely recommended that the District Court deny it. The District Court then makes the determination whether to adopt the Magistrate Judge's recommendation and deny a certificate of appealability. Accordingly, this objection is without merit.

Second, Petitioner contends that the Magistrate Judge erred in finding that the issue raised in Ground One was grounded in state law. In Ground One, Petitioner alleged violations of his due process and equal protections rights. Specifically, he argues that because the South Carolina Constitution provides that the age of consent is fourteen, he could not be convicted of criminal sexual conduct with a minor when the victim was over fourteen. The court agrees with the Magistrate Judge's finding that this issue is grounded in state law.

"Reliance on a state statute, and the state constitution, as a basis for relief simply fails to present a question of federal law." *Monahan v. Burtt*, C/A No. 205-2201, 2006 WL 2796390 * 7 (D.S.C. 2006)(unpublished). While Petitioner contends his due process and equal protection rights were violated, the issue he raises is grounded in state law as he is contending that the South Carolina Constitution precludes

3

enforcement of an allegedly conflicting South Carolina code section. Simply citing to the due process or equal protection clauses of the United States Constitution does not transform a claim grounded in state law into a federal law claim. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) (holding that "habeas petition grounded on issues of state law provides no basis for habeas relief," even "when a petition, which actually involves state law issues, is couched in terms of equal protection and due process") (internal quotations omitted). Accordingly, the court finds this objection to be without merit.

Third, Petitioner contends the Magistrate Judge erred by finding that Petitioner failed to raise a claim of ineffective assistance of counsel in his writ of certiorari to the state Supreme Court following the denial of his PCR application. Petitioner argues he filed a pro se petition for a writ of certiorari which he has submitted as an attachment to his objections and he contends that Magistrate Judge erred in not referencing the pro se petition. Petitioner did not raise this in his response to Respondent's Summary Judgment Motion. Furthermore, the Magistrate Judge's failure to refer to Petitioner's pro se petition would effect only his argument regarding a procedural bar. The Magistrate Judge alternatively recommended that Petitioner's ineffective assistance of trial counsel be denied on the merits. Accordingly, Petitioner's objection is without merit.

Fourth, Petitioner contends the Magistrate Judge erred in finding that there was no evidence that the denial of counsel at a preliminary hearing prejudiced Petitioner. Petitioner argues he was prevented from developing the actual ineffective assistance of counsel claim in the PCR proceeding. Petitioner still has not set forth exactly how the denial of counsel at his preliminary hearing prejudiced him as   Alleging generally that he could have developed his ineffective assistance of counsel claim is not sufficient.

4

See *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992)(concluding "that a habeas petitioner must come forward with some evidence that the claim might have merit" and that "unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984)(holding that "a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"). The Magistrate Judge correctly found that Petitioner has failed to show prejudice. Accordingly, this objection is without merit.

Fifth, Petitioner contends that the Magistrate Judge erred in finding that any error in the Petitioner's state PCR proceeding cannot serve as a basis for federal habeas relief. Citing *Martinez* v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012), Petitioner argues that "[t]his is correct, but such flaws can establish cause for his procedural default."[2]

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that PCR counsel's failure to file timely appeal did not constitute cause to excuse procedural default because petitioner had no constitutional right to PCR counsel. Recently, in *Martinez*, the Supreme Court recognized a "narrow exception" to *Coleman,* by holding "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315. However, *Martinez* is inapplicable here as Petitioner did not contend that ineffective assistance of PCR counsel provided cause for a procedural default. Rather, Petitioner raises claims of ineffective assistance as grounds for habeas relief. He contends his PCR counsel was ineffective for failing to investigate law prior to the

---

[2]The court notes that although Petitioner merely cites to "Martinez at 1309," it is clear from his argument that he is referencing the recent Supreme Court decision of *Martinez v. Ryan.*

5

hearing and failing to file a Rule 59(e) motion after the hearing. *Martinez* did not alter the fact that ineffective assistance of PCR counsel claims are not cognizable in habeas. *Martinez,* 132 S.Ct. at 1320 (distinguishing "cause" for default from "ground" for habeas relief and recognizing that Section 2254(I) still precludes the ineffectiveness of a PCR attorney as a ground for relief).[3]  Petitioner's claims of ineffective assistance of PCR counsel do not fall under the *Martinez* narrow exception.  *Hill v. Anderson*, 2012 WL 2826973 (N.D.Ohio 2012).   Accordingly, Petitioner's objection is without merit.

Finally, Petitioner again contends that the Magistrate Judge erred by failing to include in her Report any reference to his pro se petition for writ of certiorari and further he objects to the government's failure to file his pro se petition with the return and motion.  As for the Magistrate Judge's failure to include a reference, for the reasons stated above, this objection is without merit. Additionally, Petitioner's objections to the government's failure to include the petition in its return is also without merit.  First, the court finds this argument is not a proper objection to the Report. Moreover, the court again notes Petitioner did not raise this in his response to Respondent's Summary Judgment Motion and any failure to include Petitioner's pro se petition would effect only his argument regarding a procedural bar. As the Magistrate Judge alternatively found Petitioner's habeas petition should be denied on the merits, Petitioner's objection is without merit.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. #

---

[3]Section 2254(I) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

33) and incorporates it herein. It is therefore **ORDERED** that Respondent's Summary Judgement Motion is **GRANTED** and this action is **DISMISSED** with prejudice. It is further ordered that a certificate of appealability is denied because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 20, 2012

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001).